IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ann E. Schoolcraft, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:11-cv-00294-HFF-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Wabtec Passenger Transit, f/k/a Wabco, | ) | |
| a wholly owned subsidiary of Wabtec | ) | |
| Corporation; and Paul Wideman and | ) | |
| Gwen Suber-Wilson, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a motion to remand filed by Plaintiff. [Doc. 19.] Plaintiff alleges that the Court lacks subject matter jurisdiction because this case does not present a substantial question of federal law and diversity jurisdiction does not exist.[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

---

[1] Plaintiff alleges that she is a resident of Spartanburg County, South Carolina [Doc. 1-1], and Defendants admit that Defendant Gwen Suber-Wilson is a resident of Spartanburg County, South Carolina [Doc. 9]. The parties do not address diversity jurisdiction in their memoranda; therefore, the Court will not address diversity jurisdiction.
    The Court also notes that Plaintiff has filed a Title VII case against Defendant Wabtec in this Court, captioned C/A No. 7:10-cv-03129-HFF-JDA.

1

**BACKGROUND**[2]

Plaintiff began working for Defendant Wabtec Passenger Transit ("Wabtec") in a temporary position in September 2005. [Compl. ¶ 7.][3]  Wabtec hired Plaintiff into a permanent position in June 2007.  [*Id.*]  Plaintiff worked as an assembly technician. [*Id.*]

Plaintiff alleges that on August 15, 2009, a security officer under contract with Wabtec accosted her in a corridor in Wabtec's Spartanburg plant.  [*Id.* ¶ 9.]  Plaintiff alleges that the security officer "reached around [her], pulling her buttocks up to his crotch and knead[ing] her stomach, stating[,] 'You don't need to cover your belly up.'"  [*Id.*]  Plaintiff alleges that she immediately left and returned to her work station.  [*Id.*]

Plaintiff reported the officer's conduct to her supervisor on the day the incident occurred.  [*Id.* ¶ 10.]  Plaintiff's supervisor reported the incident to Defendant Gwen Suber-Wilson ("Suber-Wilson") sometime between the date of the incident, August 15, 2009, and August 24, 2009.  [*Id.* ¶ 11.]  Suber-Wilson first met with Plaintiff on August 24, 2009. [*Id.* ¶ 12.]  Suber-Wilson questioned Plaintiff about the incident three times on August 24, 2009 and three additional times on August 25, 2009.  [*Id.* ¶¶ 12, 16, 17, 19.]  Suber-Wilson also made Plaintiff show Suber-Wilson where the incident occurred and re-enact the incident with Suber-Wilson in the same location where the incident allegedly occurred.  [*Id.* ¶ 13.] Plaintiff alleges that two employees, who were involved in neither the incident nor the investigation, witnessed this demonstration.  [*Id.* ¶ 14.]

On August 26, 2009, Suber-Wilson again directed Plaintiff to recreate the incident,

---

[2] For purposes of this motion, the Court recites the facts as alleged by Plaintiff in her Complaint.

[3] The state court documents are found in Docket Entry 1-1; the Complaint begins on p.5.

2

using chairs and desks as props.  [*Id.* ¶ 21.]  Then Suber-Wilson made Plaintiff show Suber-Wilson where the incident occurred.[4]  [*Id.* ¶ 22.]  Plaintiff alleges that Suber-Wilson accused Plaintiff of changing her story and that the accusation occurred in front of other employees not involved in the incident or the investigation.  [*Id.* ¶ 23.]  Plaintiff alleges that on August 27, 2009, Suber-Wilson again called Plaintiff to Suber-Wilson's office and claimed Plaintiff's story was inconsistent and contrary to the security officer's story.  [*Id.* ¶ 24.]  Plaintiff called the vice president of Wabtec's Spartanburg plant and the CEO of Wabtec and told them all that had occurred.  [*Id.* ¶¶ 28, 29.]

Plaintiff further alleges that Defendant Paul Wideman ("Wideman") told several employees that he did not believe Plaintiff's story about the sexual harassment.  [*Id.* ¶ 33.]  Plaintiff also alleges that Wideman discussed Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge with these employees and accused Plaintiff of dishonesty.  [*Id.*]

In September 2009, Plaintiff was transferred to another position in the plant.  [*Id.* ¶ 31.]  Plaintiff filed a Worker's Compensation claim injuries on February 3, 2010 for injuries she allegedly sustained on October 15, 2008 and November 21, 2009.  [*Id.* ¶¶ 36, 37.]  Wabtec terminated Plaintiff on August 20, 2010.  [*Id.* ¶ 38.]

---

[4] Plaintiff's allegation reads as follows:

> At that point [on August 26, 2009], Suber-Wilson yet again insisted that [Plaintiff] show her the exact spot in the corridor where the incident occurred. This demonstration again occurred in front of an employee at the front desk, another Human Resources employee not involved in the investigation, and another employee that was passing in the corridor.

[Compl. ¶ 22.]  The Court notes that it is unclear whether Suber-Wilson required Plaintiff to re-enact the incident in the corridor at the time referred to in this allegation or whether "[t]his demonstration" refers to Plaintiff showing Suber-Wilson where the incident occurred.

3

On December 14, 2010, Plaintiff filed a Complaint in the South Carolina Court of Common Pleas for the Seventh Judicial Circuit, asserting three causes of action. First, Plaintiff claims all Defendants slandered her by "publishing to third parties through words and actions their accusations that she was dishonest in her report of sexual harassment." [*Id.* ¶ 41.] Second, Plaintiff claims all Defendants invaded her privacy by "publishing to third parties, though words and actions, information about [Plaintiff's] harassment by [the security officer]." [*Id.* ¶ 44.] Finally, Plaintiff claims Wabtec violated S.C. Code Ann. §§ 41-1-80 et seq. by "its acts and omissions of harassing Plaintiff after her claim for worker's compensation and by the termination of Plaintiff on August 20, 2010." [*Id.* ¶ 47.]

Defendants removed the action to this Court on February 4, 2011 [Doc. 1] and filed an Answer to Plaintiff's Complaint on February 11, 2011 [Doc. 9]. On March 1, 2011, the Court granted a motion to consolidate this action with Civil Action No. 7:10-cv-03129-HFF-JDA. [Doc. 17.] Plaintiff filed a motion to remand this action on March 4, 2011 [Doc. 19] and a motion to stay or deny the motion to consolidate the cases on March 14, 2011 [Doc. 21]. Defendants have filed responses in opposition to both motions. [Docs. 24, 26.]

## APPLICABLE LAW

Defendants may remove to federal district court any civil action brought in a state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). When a case contains a separate and independent federal question claim or cause of action joined with one or more non-removable claims or causes of action, the defendant, or defendants, may remove the entire case. *Id.* § 1441(c). The federal district court may determine all the issues in the case, or, in the court's discretion, it may remand "all matters

4

in which State law predominates." *Id.* Some actions are statutorily nonremovable, including civil actions in state court "arising under the workmen's compensation laws of such State." *Id.* § 1445(c).

**Federal Question Jurisdiction**

Federal district courts have original jurisdiction over two types of cases, generally referred to as federal question cases and diversity cases.[5] Federal question cases are "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Moreover, in any action of which a district court has original jurisdiction, the district court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). The district court may decline to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c).

An action arises under the Constitution, laws, or treaties of the United States for purposes of federal question jurisdiction if a right or immunity created by the United States

---

[5] As previously stated, neither party alleges diversity jurisdiction in this case. Accordingly, the Court will not address diversity jurisdiction.

Constitution or laws is an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) (citing *Starin v. City of New York*, 115 U.S. 248, 257 (1885); *First Nat'l Bank of Canton v. Williams*, 252 U.S. 504, 512 (1920)). The Supreme Court more fully explained:

> The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.

*Id.* at 112–13 (citation omitted). Therefore, a federal right or immunity comprising an essential element of the plaintiff's cause of action must appear on the face of the plaintiff's well-pleaded complaint for the defendant to remove the action to federal court. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

**Substantial Federal Question Doctrine**

Generally, a plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, a plaintiff cannot defeat removal by failing to plead necessary federal questions. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id.*

In such a case, the substantial federal question doctrine may apply; that is, if the

plaintiff's "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," plaintiff's cause of action arises under federal law. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)).  To apply the substantial federal question doctrine to remove a case in which state law creates the plaintiff's cause of action, the defendant must establish two elements: "'(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).  The plaintiff's right to relief necessarily depends on a question of federal law if a disputed question of federal law is a necessary element of one of the plaintiff's state claims. *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 13).  If the plaintiff can establish all the essential elements of his state law claim without the resolution of an issue of federal law, then the claim does not necessarily depend on federal law. *Id.*

**Pursuing the Same Cause of Action in Two Jurisdictions**

A plaintiff may maintain two cases in separate jurisdictions for the same cause of action. *Kline v. Burke Const. Co.*, 260 U.S. 226, 230 (1922) (citing numerous cases).  As the Supreme Court explained:

> "Where a suit is strictly in personam, in which nothing more than a personal judgment is sought, there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined[, because the subsequent action] neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with law."

7

*Id.* at 232 (quoting *Baltimore & Ohio R.R. Co. v. Wabash R.R. Co.*, 119 Fed. 678, 680 (1902)). Further, courts considering the same case litigated in another jurisdiction must give full faith and credit to the first decision rendered. *See* 28 U.S.C. § 1738. Federal courts "must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373 (1985); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984)).

## DISCUSSION

**Remand**

The causes of action in Plaintiff's Complaint—slander, invasion of privacy, and Worker's Compensation retaliation—are state law causes of action. Plaintiff does not plead a federal cause of action on the face of her well-pleaded complaint. Therefore, the Court must grant Plaintiff's motion to remand unless Defendants demonstrate that (1) Plaintiff's right to relief necessarily depends on a question of federal law and (2) the question of federal law is substantial. *See Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.").

Defendants have not demonstrated that Plaintiff's right to relief necessarily depends on a substantial question of federal law. Plaintiff can prove the elements of her three state law causes of action without reference to federal law, as discussed below.

*Slander*

Slander is a spoken defamation. *Williams v. Lancaster Cnty. Sch. Dist.*, 631 S.E.2d 286, 292 (S.C. Ct. App. 2006) (quoting *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 501 (1998)). In South Carolina, a plaintiff must establish the following elements to prove defamation: (1) a false and defamatory statement was made, (2) the unprivileged statement was published to a third party, (3) the publisher was at fault, and (4) either the statement is actionable without a showing of harm to the plaintiff or the publication of the statement caused the plaintiff special harm. *Fleming v. Rose*, 567 S.E.2d 857, 860 (2002).

An allegedly slanderous statement is actionable without a showing of harm to the plaintiff if the statement concerns one of five characteristics or actions of the plaintiff: "(1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in [the plaintiff's] business or profession." *Goodwin v. Kennedy*, 552 S.E.2d 319, 322–23 (S.C. Ct. App. 2001). If the statement does not concern one of these five actions or characteristics of the plaintiff, the plaintiff must plead and prove common law malice and special damages. *Erickson v. Jones St. Publishers, LLC*, 629 S.E.2d 653, 664 (S.C. 2006). To prove common law malice, the plaintiff must show that "'the defendant acted with ill will toward the plaintiff, or acted recklessly or wantonly, i.e., with conscious indifference of the plaintiff's rights.'" *Id.* at 665. Special damages are "'tangible losses or injuries to the plaintiff's property, business, occupation, or profession in which it is possible to identify a specific amount of money as damages.'" *Id.* at 664 n.6.

Plaintiff can establish the first element of her defamation cause of action without having to resolve a question of federal law—whether the security officer sexually harassed Plaintiff.[6]  Plaintiff argues that she "has to prove that, by its word and actions, Defendants published to other parties that [Plaintiff] was untruthful in her complaints about the incident[] and that the information published by the Defendants is false."  [Pl.'s Mem. in Supp. 9.][7]  Moreover, Plaintiff states in her Complaint that Defendants' false statements were that Plaintiff "was dishonest in her report of sexual harassment."  [Compl. ¶ 41.]  Defendant contends that because "Plaintiff has to prove that her 'report of sexual harassment' and her 'EEOC complaint' were, in fact, true," the Court must consider the veracity of Plaintiff's Title VII claims to resolve her slander claims.  [Defs.' Mem. in Opp. 9.][8]

To establish the first element of defamation—Defendants made a false and defamatory statement—Plaintiff must show that she told the truth when she reported the incident;[9] she need not show that she was sexually harassed.  That is, Plaintiff must show

---

[6] Title VII of the Civil Rights Act makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment" because of the individual's sex.  42 U.S.C. § 2000e-2(a)(1).  "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment."  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986).  To establish a hostile work environment claim, a plaintiff must show: "(1) that he was harassed because of his sex; (2) that the harassment was unwelcome; (3) that the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) that some basis exists for imputing liability to the employer."  *Wrightson v. Pizza Hut of Am., Inc.*, 99 F.3d 138, 142 (4th Cir. 1996) (internal quotation marks omitted) (citing *McWilliams v. Fairfax Cnty. Bd. of Supervisors*, 72 F.3d 1191, 1195 (4th Cir.1996); *Swentek v. USAIR, Inc.*, 830 F.2d 552, 557 (4th Cir.1987)).

[7] Plaintiff's memorandum in support of her motion to remand is Docket Entry 19-1.

[8] Defendants' memorandum in opposition to Plaintiff's motion to remand is Docket Entry 26.

[9] Defendants argue that Plaintiff uses the phrase "the incident" to mean "sexual harassment," which put Defendants on notice of claims of sexual harassment.  [Defs.' Mem. in Opp. 13.]  While the Court notes that while Plaintiff could have been more careful about her use of the terms "sexual harassment" or "sex harassment," Plaintiff does not use those terms in a way that suggests that she will attempt to prove sexual harassment *in this action*, nor do her claims *in this action* require the Court to

that her factual allegations regarding her encounter with the security guard are true—that the security guard "reached around [her], pulling her buttocks up to his crotch and knead[ing] her stomach, stating[,] 'You don't need to cover your belly up'" [Compl. ¶ 9]. Plaintiff need not allege and prove the elements necessary to establish a hostile work environment claim, and the Court need not evaluate whether the security guard's actions created a hostile work environment.  Therefore, Plaintiff can establish the first element of defamation without reference to federal law.

Likewise, Plaintiff can establish the three remaining elements of defamation without having to resolve a substantial question of federal law.  None of these elements potentially invokes federal law to establish a basis for relief.  As a result, Plaintiff's right to relief under her slander cause of action does not necessarily depend on the resolution of a substantial question of federal law.

### *Invasion of Privacy*

To state a cause of action for invasion of privacy, a plaintiff must allege one of three situations:

> (1) the unwarranted appropriation or exploitation of his personality; or (2) the publicizing of his private affairs with which the public has no legitimate concern; or (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

*Wright v. Sparrow*, 381 S.E.2d 503, 505 (S.C. Ct. App. 1989) (citing *Corder v. Champion Road Mach. Int'l Corp.*, 324 S.E.2d 79 (S.C. Ct. App. 1984); *Rycroft v. Gaddy*, 314 S.E.2d 39 (S.C. Ct. App. 1984)).  For the second type of invasion of privacy claim, the defendant's

---

resolve whether Plaintiff was sexually harassed as that term is used in Title VII claims.

act must "'be of such a nature as a reasonable man can see might[,] and probably would[,] cause mental distress and injury to anyone possessed of ordinary feelings and intelligence, situated in like circumstances.'" *Meetze v. Assoc. Press*, 95 S.E.2d 606, 610 (S.C. 1956) (quoting 41 Am. Jur. *Privacy* § 12). Plaintiff alleges the second type of invasion of privacy claim [Pl.'s Mem. in Supp. 10]; therefore, Plaintiff must show that 1) a private matter was publicized; 2) the publication of the matter would be offensive to a reasonable person; and 3) the matter is not of legitimate concern to the public.

Plaintiff can establish each of the three elements of her invasion of privacy cause of action without having to resolve a substantial question of federal law. For the first element, Plaintiff must show that Defendants publicized a private matter. In Plaintiff's case, the private matter is the incident between Plaintiff and the security officer. As with her slander claim, Plaintiff need not establish that the incident nor Defendants' publicity of the incident constituted sexual harassment. Plaintiff has to establish only that the incident occurred, she reported it, and Defendants' investigated it; these events constitute a private matter;[10] and Defendants publicized the incident. Further, Plaintiff must establish that Defendants' act of publicizing the incident would cause mental distress and anguish to an ordinary person and that the incident was not of legitimate concern to the public. Neither of these elements requires Plaintiff to prove that she was sexually harassed. Therefore, Plaintiff's right to relief under her invasion of privacy cause of action does not depend on the resolution of a substantial question of federal law.

---

[10] It is unclear which event—the incident or the investigation—Plaintiff claims constitutes the private matter. [Pl.'s Mem. in Supp. 10; Comp. ¶ 44.] However, whichever event is the private matter does not affect whether or not the Court must determine if Plaintiff was sexually harassed. The Court does not have to make this determination to evaluate Plaintiff's invasion of privacy claim.

### *Worker's Compensation Retaliation*

In South Carolina, a plaintiff has a statutory cause of action when the plaintiff's employer discharges or demotes the plaintiff because the plaintiff "has instituted or caused to be instituted, in good faith, any proceeding under the South Carolina Workers' Compensation Law." S.C. Code Ann. § 41-1-80. To establish a claim under section 41-1-80, the plaintiff must establish that (1) the plaintiff instituted worker's compensation proceedings, (2) the plaintiff was discharged or demoted, and (3) a causal connection exists between the institution of the worker's compensation proceedings and the discharge or demotion. *Hinton v. Designer Ensembles, Inc.*, 540 S.E.2d 94, 97 (S.C. 2000) (citing *Hines v. United Parcel Serv., Inc.*, 736 F. Supp. 675 (D.S.C. 1990)).

Plaintiff can establish the three elements of a worker's compensation retaliation claim without having to resolve a substantial question of federal law. Plaintiff does not have to prove, or even bring up, that she was sexually harassed to establish a claim of worker's compensation retaliation. Therefore, Plaintiff's right to relief under her worker's compensation retaliation cause of action does not depend on the resolution of a substantial question of federal law.

**Attorney's Fees and Costs**

In its order remanding a case, the Court may require payment of just costs and actual expenses, including attorney's fees. 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). An appropriate test for awarding fees under § 1447(c) recognizes "the desire

to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," while not deterring removals in general. *Id.* at 140.

Defendants had an objectively reasonable basis for removal. As noted above, Plaintiff has filed an action in this Court alleging a violation of Title VII based on sexual harassment. Defendants point out that many of Plaintiff's factual allegations overlap in the two actions. As Defendants also point out, Plaintiff did use "sexual harassment" or "sex harassment" interchangeably with "the incident" in her Complaint filed in the instant action. Consequently, the Court concludes that Defendants had an objectively reasonable basis to remove this case based on the substantial federal question doctrine and does not recommend an award of fees and costs to Plaintiff.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion to remand to state court be GRANTED.[11]

IT IS SO RECOMMENDED.

s/ Jacquelyn D Austin<br>
United States Magistrate Judge

March 31, 2011
Greenville, South Carolina

---

[11] If the District Court adopts the Magistrate's Report and Recommendation, the Magistrate further recommends that the order consolidating this action and C/A No. 7:10-cv-03129-HFF-JDA [Doc. 17] be vacated and that Plaintiff's motion to stay or deny the order on motion to consolidate cases [Doc. 21] be regarded as moot.