IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ann E. Schoolcraft, | ) | |
| | ) | C/A No. 7:11-0294-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Wabtec Passenger Transit | ) | |
| f/k/a Wabco, d/b/a Wabtec | ) | |
| Corporation; a wholly owned | ) | |
| subsidiary of Wabtec Corporation; | ) | |
| Paul Wideman; and Gwen Suber- | ) | |
| Wilson, | ) | |
| | ) | |
| Defendants. | ) | |

_____

On December 14, 2010, Plaintiff originally filed this action in state court in Spartanburg County and Defendants timely removed this action to this court. Plaintiff has filed a Motion to Remand (Dkt. # 19). This matter is before the court after the issuance of a Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin filed March 31, 2011. (Dkt. # 28). In her Report, the Magistrate Judge recommends that the court grant Plaintiff's Motion to Remand. Further, the Magistrate recommends that if the court remands this action that the order consolidating this action with C/A No. 7:10-cv-03129 be vacated and that Plaintiff's Motion to Stay or Deny the Order to Consolidate (Dkt. # 21) be deemed moot.

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., a magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## Background/Procedural History

Plaintiff originally filed this action in the Spartanburg County Court of Common Pleas and Defendants timely removed it to this court. In her Complaint, Plaintiff Ann E. Schoolcraft ("Schoolcraft"), a former employee of Defendant Wabtec Passenger Transit ("Wabtec"), alleges she was sexually harassed by a security officer while at work on August 15, 2009. Plaintiff asserts claims for slander, invasion of privacy, and retaliation for filing a Workers' Compensation Claim. In its removal notice, Wabtec acknowledged Plaintiff raised only state law claims, however, Wabtec stated that Plaintiff's "allegations regarding 'sexual harassment' and 'retaliation' during the investigation into her claims of sexual harassment, including her referenced 'EEOC complaint,' plainly put the Defendants on notice of her intent to seek recovery for this federal cause of action." (Dkt. # 1- Notice of Removal ¶ 5). Wabtec also noted that on December 9, 2010, Plaintiff had filed an action with this court based on the same transactions as this removed action and that action was currently pending. *Schoolcraft v. Wabtec*, C/A No. 7:10-cv-3129. Subsequently, that action and the instant action were consolidated on

March 1, 2011. *Schoolcraft v. Wabtec*, C/A No. 7:10-cv-3129 (Dkt. # 16)

## Standard of Review

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called federal question jurisdiction under 28 U.S.C. § 1331.

The defendant bears the burden of establishing the existence of removal jurisdiction. *Mulachey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Id.* Where, as here, the defendant bases subject matter jurisdiction on the presence of a federal question, the court must evaluate the plaintiff's complaint filed in a state court to determine if federal question jurisdiction is present. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808 (1986). A defense that raises a federal question is inadequate to confer federal question jurisdiction. *Id*. District courts are authorized to disregard characterizations of the parties to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F.Supp. 333, 334-35 (E.D.N.C.1992).

## Discussion

Keeping the above principles in mind, it is clear that this case should be remanded. Courts have recognized that, where an anti-discrimination statute provides an exclusive remedy for a plaintiff's claims of discriminatory conduct, the plaintiff may still proceed with state law claims that "are raised in order to vindicate personal injuries

3

that extend beyond discrimination in the workplace." *Kent v. Howard*, 801 F.Supp. 329, 332 (S.D.Cal.1992); *Otto v. Heckler*, 781 F.2d 754, 757, amended, 802 F.2d 337 (9th Cir.1986) (citation omitted) ("[T]orts which constitute highly personal violation[s] beyond the meaning of discrimination [are] separately actionable."); *Ramsey v. AT & T Corp.*, 1997 WL 560183 *5 (E.D.Pa. Aug. 22, 1997) (holding it may be possible for Plaintiff to succeed on his fraud and negligent representation claims without proving discrimination).

On December 9, 2010, Plaintiff filed a federal action specifically alleging claims under Title VII and retaliation in *Schoolcraft v. Wabtec*, C/A No. 7:10-cv-3129, and on December 14, 2010, she filed an action in state court raising state law claims. Plaintiff clearly has made a strategic decision to file parallel actions in this court and in state court. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1255 (3d Cir.1996)(noting that the plaintiff in that case filed parallel actions in state and federal courts by relying, in part, upon the observation that plaintiff intentionally chose to omit federal causes of action from his state court complaint). Plaintiff chose to limit her federal action to her federal claims and, in the instant action, Plaintiff intentionally chose to base her claims solely on state law.

That the two complaints contain similar factual allegations and name the same defendants is of little consequence. As the master of her complaint, Plaintiff was entitled to bring two separate actions, asserting federal claims in one and state law claims in the other. "Plaintiff's choice to split his action is an inefficient means to prosecute her claims, however, such inefficiency does not confer removal jurisdiction over Plaintiff's state law action under 28 U.S.C. § 1441(a)." *Morley v. Philadelphia Police Dept.*, No. 03-6165, 2004 WL 620128 (E.D.Pa. Mar. 24, 2004).

4

Defendant argues that Plaintiff's claims will not survive because a statutory remedy such as Title VII already provides a remedy for the same alleged conduct. However, it is not up to this Court to decide whether Plaintiff's state law cause of action is viable or to decide the merits of Plaintiff's claims. *See Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866, 868 (W.D.N.Y.1991). Instead this Court is to decide only the question of whether there is a proper basis for federal jurisdiction to support removal.

Plaintiff has solely relied upon state law to litigate the instant action. As such, this court does not have federal question jurisdiction. Strictly construing 28 U.S.C. § 1441(a), and resolving all doubts in favor of remand, this court concludes that the instant action has been improperly removed and, therefore, must be remanded to the Court of Common Pleas for Spartanburg County.

Plaintiff has requested fees and costs under 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a case " may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The question the court considers when using its discretion in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper. When an objectively reasonably basis exists for seeking removal, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The court agrees with the Magistrate Judge and finds that Wabtec did not lack entirely an objectively reasonable basis for removing this matter. Therefore, attorneys' fees and costs will not be imposed.

## Conclusion

For the foregoing reasons, the court overrules Defendant's objections and adopts the Magistrate Judge's Report and Recommendation. Accordingly, Plaintiff's Motion to

Remand (Dkt. # 19) is **GRANTED** and this case is **REMANDED** to the Court of Common Pleas for Spartanburg County, South Carolina.

Furthermore, the order consolidating this action and *Schoolcraft v. Wabtec*, C/A No. 7:10-cv-3129 (Dkt. # 16 in C/A No. 7:10-cv-03129) is **VACATED** and Plaintiff's Motion to Stay or Deny the Order Consolidate cases (Dkt. # 21) is deemed moot. Plaintiff's request for fees and costs is **DENIED.**

       **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 28, 2011